BLD-068                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3368
_____

ROBERT E. CHAMBERS, II, Appellant

v.

JUDGE RITA HATHAWAY;
OFFICER GARY SCHUBERT;
OFFICER WAGNER;
SERGEANT LAPORTE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-08-cv-00352)
Magistrate Judge:  Honorable Susan Paradise Baxter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 16, 2010

Before:   SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 4, 2011)
_____

OPINION
_____

1

PER CURIAM

Robert E. Chambers, a Pennsylvania prisoner proceeding *pro se*, appeals from the dismissal of his complaint pursuant to Fed. R. Civ. P. 12 (b)(6). Because the appeal presents no substantial question, we will summarily affirm.

Chambers filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Defendant Judge Hathaway "violated [his] due process by putting a stay out of New Ken., Arnold, and Lower Burrell order on [his] sentencing paperwork. . ." Complaint at Section IV.C. He further claimed that Defendants Schubert, Wagner, and LaPorte ("Police Defendants") violated his Fourth Amendment rights by conducting an allegedly improper search and seizure. Chambers sought monetary relief as well as "immediate relief or re-sentencing based on evidence." Complaint at VI. [1]

Concurrently with his § 1983 complaint, Chambers petitioned the District Court for a writ of *habeas corpus*. That petition, in which Chambers raised nearly identical claims, was denied. There, the District Court noted that the stay-out "order" was no more than a recommendation—in fact, Defendant Judge Hathaway herself acknowledged on Chambers' state appeal that: "the inclusion in any sentencing order involving a maximum period of incarceration of two years or more of language regarding a condition of parole is but a recommendation or suggestion only, and is clearly not mandatory or enforceable unless made a special condition of parole by the [Pennsylvania Board of Probation and

[1] By consent of the parties, the matter was adjudicated by United States Magistrate Judge Susan Paradise Baxter.

2

Parole]." Chambers v. Attorney Gen., No. 2:08-cv-01703, 2009 WL 605885, at *4 (W.D.

Pa. Mar. 9, 2009), *appeal dismissed as untimely*, CA No. 09-2522 (3d Cir. Sept. 16,

2009).

To the extent, if any, that Chambers' intent in this civil rights action was to

invalidate some part of the sentence imposed by the trial court, he cannot do so. Heck v.

Humphrey. 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973). As noted,

Chambers has unsuccessfully appealed his sentence through the state courts and his

petition for a writ of *habeas corpus* was denied on its merits. Heck, 512 U.S. at 487

("when a state prisoner seeks damages in a § 1983 suit, the district court must consider

whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff

can demonstrate that the conviction or sentence has already been invalidated"). However

there are aspects of Chambers' claims that would not lie in *habeas* or implicate the

validity of his sentence. For instance, as to the stay-out "order," which, as we have

noted, was no more than a recommendation, Chambers indicates that his concern is with

the mental anguish he suffered upon hearing the "order."[2]

Chambers' claim that the Police Defendants committed an illegal search and

seizure of his person is also not barred by Heck. Chambers averred that the inculpatory

---

[2] In the argument Chambers filed in support of this appeal, he claims that this order has caused him to be concerned throughout his incarceration about possible release conditions. He further alleges mental anguish arising from the necessity of explaining to his worried children that he will, in fact, likely be unable to return

3

evidence the Police Defendants recovered was not found on his person but rather from some other area. Complaint at IV.C. Because Chambers does not claim that the search and seizure of his person produced evidence used against him at trial, his claim does not implicate the validity of his sentence. See Heck, 512 U.S. at 487 n.7.

Defendant Judge Hathaway moved to dismiss the complaint, citing both absolute judicial immunity and Heck. The Police Defendants moved to dismiss Chambers' claims against them as barred by the applicable two-year statute of limitations. Chambers did not respond to either of these motions, and instead filed a motion for summary judgment.

The Magistrate Judge correctly concluded that Defendant Judge Hathaway is immune from suit for any civil rights violation under the doctrine of absolute judicial immunity. Judge Hathaway was acting within her judicial capacity and within her jurisdiction when she made the statements that allegedly caused Chambers' anguish and is therefore immune from suit. Mireles v. Waco, 502 U.S. 9, 11-12 (1978).[3]

---

home after his sentence.

[3] The Magistrate Judge's also relied upon the Rooker-Feldman doctrine. Because Chambers did not seek to "appeal" from the state court to the District Court, but instead sought to argue a new constitutional claim, the doctrine is inapplicable. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005); Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163-70 (3d Cir. 2010). Given how Chambers presents his claim, we doubt he is–as the Magistrate Judge thought–actually seeking prospective injunctive relief as to Judge Hathaway. We stress in any event that the judge's comments, even if construed as Chambers evidently construes them, in no way amounted to a due process violation. Cf. DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws").

The Magistrate judge was also correct to dismiss Chambers' claims against the Police Defendants because the statute of limitations had already elapsed at the time his complaint was filed. A two-year statute of limitations is applied to § 1983 claims brought in Pennsylvania. Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) ("A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims") (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)); 42 Pa. Con. Stat. § 5524 (requiring that personal injury actions be commenced within two years). Here, the allegedly unconstitutional actions by the Police Defendants occurred on July 3, 2006. Complaint at IV.C. Chambers filed this suit in December 2008—well outside the applicable limitations period.

As the appeal presents no substantial question, we will summarily affirm the judgment below. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.